# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **KIMBERLY S. MOORE,** | |
| Plaintiff, | Case No. 2:16CV00014 |
| v. | **OPINION AND ORDER** |
| **MOUNTAIN STATES HEALTH ALLIANCE, ET AL.,** | By: James P. Jones<br>United States District Judge |
| Defendants. | |

*Timothy W. McAfee, Timothy W. McAfee, PLLC, Big Stone Gap, Virginia, for Plaintiff; Kimberly W. Daniel and Jonathan M. Sumrell, Hancock, Daniel, Johnson and Nagle, P.C., Glen Allen, Virginia, for Defendant Norton Community Hospital.*

In this action for damages and injunctive relief brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, the plaintiff alleges that she was wrongfully terminated by her employer due to age discrimination and in retaliation for exercise of her rights. A defendant, Norton Community Hospital, has moved to dismiss the retaliation claim and strike the plaintiff's prayer for punitive damages.[1] Reviewing the plaintiff's allegations in the light most favorable to her, I conclude that the defendant's Motion to Dismiss and Motion to Strike must be granted.

---

[1] Mountain States Health Alliance, the other defendant, allegedly affiliated with Norton Community Hospital, has recently filed similar motions.

I.

The Complaint alleges the following facts, which I must accept as true for purposes of deciding the Motion to Dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

The plaintiff, Kimberly Moore, was previously employed by Norton Community Hospital ("the Hospital") as an Emergency Department reception clerk. Her employment was terminated on June 6, 2014. At the time of her termination, she was fifty-five years old, earned approximately seventeen dollars per hour, and had been employed with the Hospital for twenty-three years. She was also nine months away from qualifying for lifetime health insurance, a retirement benefit available to long-term employees that would have cost the defendants over a million dollars to provide. After terminating Moore's employment, the defendants replaced her with a younger employee.

Moore was a member of the United Steelworkers Union, and for approximately twenty years, the terms of her employment with the Hospital had been governed by a contract negotiated by the union. Around 2011, the Hospital was acquired by Mountain States Health Alliance ("Mountain States"). Mountain States "openly opposed employees that belonged to the union and discouraged employees from continuing their association with the union." (Compl. ¶ 22, ECF No. 1.) Moore, however, refused to withdraw from the union.

In July or August 2013, Moore's supervisors "began to harass, bully and emotionally abuse" her on a regular basis. (*Id.* at ¶ 25.) They "changed her job duties and titles without providing proper training or instructions" and "constantly complain[ed] that while [her] performance was compliant, they did not like [her] personality." (*Id.*) Moore claims that she was forced to "endure daily criticisms" and "attend counseling," despite her "more than satisfactory" job performance. (*Id.* at ¶¶ 16, 26-27.) She alleges that she "became a target of harassment and abuse" because the defendants "hope[d] that she would quit and forfeit the rate of pay and retirement benefits" to which she was entitled. (*Id.* at ¶ 28.) At some point, she filed a grievance against her supervisors in accordance with the terms of the union contract.

Moore has asserted two claims against the defendants under the ADEA: (1) age discrimination and (2) retaliation for filing the grievance. She seeks injunctive relief, compensatory damages, and punitive damages under the ADEA and the Civil Rights Act of 1991.

The Hospital moves to dismiss Moore's retaliation claim for failure to state a claim upon which relief can be granted. It argues that the Complaint fails to properly allege that Moore "engaged in activities protected by the ADEA." (Def's. Mot. to Partially Dismiss 1, ECF No. 5.) The defendant also moves to strike Moore's prayer for punitive damages on the ground that "the ADEA does not

-3-

Case 2:16-cv-00014-JPJ-PMS   Document 12   Filed 10/04/16   Page 3 of 9   Pageid#: 40

provide for such relief." (Def's. Mot. to Strike 1, ECF No. 6.) I consider each motion in turn.[2]

## II. Motion to Dismiss.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

In ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint, *Twombly*, 550 U.S. at 572, and it must view those facts in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The complaint's "well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

---

[2] The defendant filed both motions on August 26, 2016. The plaintiff has not responded to either motion within the time required by the local rules (fourteen days). Despite this lapse, I decide the defendant's motions on their merits rather than by default.

-4-

Case 2:16-cv-00014-JPJ-PMS   Document 12   Filed 10/04/16   Page 4 of 9   Pageid#: 41

The ADEA prohibits employers from discriminating against an employee based on her participation in certain protected activities. *See* 29 U.S.C. § 623(d). To establish a prima facie case of retaliation under the ADEA, a plaintiff must show three things: (1) that she "engaged in protected activity"; (2) that "an adverse employment action was taken against [her]"; and (3) that "there was a causal link between the protected activity and the adverse action." *Laber v. Harvey*, 438 F.3d 404, 432 (4th Cir. 2006) (en banc). A plaintiff has engaged in "protected activity" if she has (a) opposed a practice made unlawful by the ADEA or (b) participated in a proceeding brought under the ADEA. 29 U.S.C. § 623(d); *see also EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005).

Here, Moore pleads that she was terminated in retaliation for "fil[ing] a grievance in accordance with her [employment] contract." (Compl. ¶ 29, ECF No. 1.) She also reiterates that the basis for her termination was "retaliation" for "her exercise of her contract rights." (*Id.* at ¶ 31.) However, she pleads no additional facts about, nor makes further reference to, this "grievance," and she thus fails to allege that filing the grievance was a "protected activity" under the ADEA.

An employer cannot discriminate against an employee because she "has opposed any practice made unlawful by [§ 623]." 29 U.S.C. § 623(d). Practices made unlawful by § 623 include, among other things, discriminating against employees because of their age. *See* 29 U.S.C. § 623(a)(1) & (2). Here, however,

Moore states only that she "exercised her rights to file a grievance." (Compl. ¶ 29, ECF No. 1.) She makes no allegations regarding the subject matter or contents of that grievance. Thus, she fails to allege that her grievance was made in opposition to the defendants' alleged unlawful discrimination.

An employer also cannot discriminate against an employee because she has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under [the ADEA]." 29 U.S.C. § 623(d). Here, Moore pleads only that she filed her grievance "in accordance with her [employment] contract." (Compl. ¶ 29, ECF No. 1.) She does not state that she filed this grievance as part of her participation in any ADEA proceeding.

Because Moore has not alleged that she filed a grievance in opposition to a practice made unlawful under the ADEA or as part of her participation in an ADEA proceeding, she has failed to plead that she was engaged in "protected activity." She has thus failed to establish a prima facie case for retaliation under the ADEA and, accordingly, has failed to "show[ ] [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Because the Complaint does not "state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678 (citation omitted), I will grant the defendants' Motion to Dismiss as to the claim of retaliation.

### III. Motion to Strike.

A court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A matter is "impertinent" or "immaterial" if it is not relevant to the issues involved in the action. *See* 2 James Wm. Moore, et al., *Moore's Federal Practice* § 12.37 [3] (3d ed. 1999). Motions to strike under Rule 12(f) are generally viewed with disfavor, "because striking a portion of a pleading is a drastic remedy." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citation omitted). However, a court may grant a defendant's motion to strike a plaintiff's claim for punitive damages where punitive damages are not available under the law. *See, e.g.*, *Mitchell v. Lydall, Inc.*, No. 93-1374, 1994 WL 38703, at *4 (4th Cir. Feb. 10, 1994) (unpublished) (affirming district court's decision to strike punitive damages claim under Rule 12(f) where punitive damages were not available under applicable statute); *Taylor v. Oak Forest Health & Rehabilitation, LLC*, No. 1:11-CV-471, 2013 WL 4505386, at *5 (M.D.N.C. Aug. 22, 2013) (granting defendant's motion to strike plaintiff's claim for punitive damages where punitive damages were not authorized under the relevant statute).

Neither the ADEA nor the Civil Rights Act of 1991 permits recovery of punitive damages for alleged violations of the ADEA.

Section 626(b) of the ADEA permits enforcement of the statute in accordance with the remedies provided in certain sections of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* Specifically, the ADEA provides for recovery of compensatory damages for lost wages, stating that "[a]mounts owing to a person as a result of a violation of [the ADEA] shall be deemed to be unpaid minimum wages or unpaid overtime compensation." 29 U.S.C. § 626(b) (citing 29 U.S.C. § 216); *see also* 29 U.S.C. § 216(b). They may also seek injunctive relief, including reinstatement. *Id.* (citing 29 U.S.C. §§ 216-17).

However, neither the ADEA nor the relevant sections of the Fair Labor Standards Act provide for recovery of punitive damages. Moreover, the Fourth Circuit has expressly held that "punitive damages are not recoverable under [the ADEA]." *Walker v. Pettit Constr. Co.*, 605 F.2d 128, 130 (4th Cir. 1979), *modified on reh'g on other grounds sub nom. Frith v. E. Air Lines, Inc.*, 611 F.2d 950 (4th Cir. 1979); *see also Fariss v. Lynchburg Foundry*, 769 F.2d 958, 967 n.11 (4th Cir. 1985). Therefore, Moore cannot properly seek punitive damages under the ADEA.

The Civil Rights Act of 1991 provides a right of recovery for punitive damages for claims brought under certain sections of the Civil Rights Act of 1964 and the Americans With Disabilities Act of 1990. 42 U.S.C. § 1981a(a)(1), (2), (d)(1). It does not provide a right of recovery for claims brought under the ADEA.

-8-

Case 2:16-cv-00014-JPJ-PMS   Document 12   Filed 10/04/16   Page 8 of 9   Pageid#: 45

Therefore, Moore cannot properly seek punitive damages for a violation of ADEA under § 1981a.

Because punitive damages are unavailable in this case as a matter of law, I will grant the Hospital's Motion to Strike the plaintiff's claim for punitive damages.

III.

For the reasons stated, I conclude that: (1) Moore's claim of retaliation is not well-pleaded and must be dismissed; and (2) Moore's prayer for punitive damages must be stricken from the Complaint. It is accordingly **ORDERED** that the defendants' Motion to Dismiss (ECF No. 5) and Motion to Strike (ECF No. 6) are GRANTED.[3]

ENTER: October 4, 2016

/s/ James P. Jones
United States District Judge

---

[3] Moore expressly seeks "punitive" damages. (Compl. ¶ 44, ECF No. 1.) While punitive damages are not recoverable, § 626(b) expressly permits recovery of *liquidated* damages, in an additional amount equal to any compensatory damages, where there has been a "willful violation[ ] of [the ADEA]." 29 U.S.C. § 626(b). The Fourth Circuit has on occasion referred to such liquidated damages as "punitive" damages. *See Herold v. Hajoca Corp.*, 864 F.2d 317, 319 (4th Cir. 1988) (upholding the district court's entry of judgment *non obstante veredicto* as to "the jury's award of a liquidated (punitive) damages amount equal to the compensatory award" under the ADEA). Given that Moore alleges that the defendants' discrimination was "willful[ ]" and "intentional[ ]" but does not seek liquidated damages as permitted by such allegations, I must grant the defendant's Motion to Strike the request for punitive damages. However, this ruling does not prevent the plaintiff from seeking liquidated damages, as permitted by the statute, and if supported by the facts. Similarly, my dismissal of the retaliation claim is without prejudice to an amendment to the Complaint alleging sufficient facts to support it.